**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raul MALDONADO–CRUZ, Defendant–Appellant.**

No. 05–40118.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 13, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: *

Raul Maldonado–Cruz (Maldonado) appeals his guilty-plea conviction and 57–month sentence for being presented in the United States following deportation. Maldonado argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors. Maldonado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Maldonado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Maldonado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Maldonado also contends that the district court erred in sentencing him pursuant to the mandatory guideline regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error was harmless. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005).

Conviction AFFIRMED. The case is REMANDED for reconsideration and for resentencing if the district court decides appropriate.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.